Dear Judge Johnston:
This office is in receipt of your opinion request in which you ask various questions regarding a justice of the peace or constable carrying a weapon. You ask for information on the Council on Peace Officer Standards and Training and ask if there is a penalty if a justice of the peace or constable conceals a handgun without being certified.
LSA-R.S. 14:95 states:
 § 95. Illegal carrying of weapons
A. Illegal carrying of weapons is:
 1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person; or
 2) The ownership, possession, custody or use of any firearm, or other instrumentality customarily used as a dangerous weapon, at any time by an enemy alien; or
 3) The ownership, possession, custody or use of any tools, or dynamite, or nitroglycerine, or explosives, or other instrumentality customarily used by thieves or burglars at any time by any person with the intent to commit a crime; or
 4) The manufacture, ownership, possession, custody or use of any switchblade knife, spring knife or other knife or similar instrument having a blade which may be automatically unfolded or extended from a handle by the manipulation of a button, switch, latch or similar contrivance.
 a) The intentional possession or use by any person of a dangerous weapon on a school campus during regular school hours or on a school bus. "School" means any elementary, secondary, high school, or vo-tech school in this state and "campus" means all facilities and property within the boundary of the school property. "School bus" means any motor bus being used to transport children to and from school or in connection with school activities.
 b) The provisions of this Paragraph shall not apply to:
 1) A state or local law enforcement officer in the performance of his official duties.
 ii) A school official or employee acting during the normal course of his employment or a student acting under the direction of such school official or employee.
 iii) Any person having the written permission of the principal or school board and engaged in competition or in marksmanship or safety instruction.
 B) 1) Whoever commits the crime of illegal carrying of weapons shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
 2) Whoever commits the crime of illegal carrying of weapons with any firearm used in the commission of a crime of violence as defined in R.S. 14:2(13), shall be fined not more than two thousand dollars, or imprisoned, with or without hard labor, for not less than one year nor more than two years, or both. Any sentence issued pursuant to the provisions of this Paragraph and any sentence issued pursuant to a violation of a crime of violence as defined in R.S. 14:2(13) shall be served consecutively.
 C) On a second conviction, the offender shall be imprisoned with or without hard labor for not more than five years.
 D) On third and subsequent convictions, the offender shall be imprisoned with or without hard labor for not more than ten years without benefit of parole, probation, or suspension of sentence.
 E) If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence. Upon a second or subsequent conviction, the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years without the benefit of probation, parole, or suspension of sentence.
 F) The enhanced penalty upon second, third, and subsequent convictions shall not be applicable in cases where more than five years elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction or convictions, and the time of the commission of the last offense for which he has been convicted; the sentence to be imposed in such event shall be the same as may be imposed upon a first conviction.
 G) The provisions of this Section except Paragraph (4) of Subsection A shall not apply to sheriffs and their deputies, state and city police, constables and town marshals, or persons vested with police power when in the actual discharge of official duties or, if not actually discharging official duties, when such sheriffs and their deputies and state and city police are full-time, active, or retired from full-time active law enforcement service with at least sixteen years of service upon retirement, excluding medical retirees, and certified by the Council on Peace Officer Standards and Training and have on their persons valid identification as duly commissioned or retired law enforcement officers. The retired law enforcement officer must be retired from full-time active law enforcement service with at least sixteen years service upon retirement. The retired law enforcement officer must be certified annually in the use of firearms by the Council on Peace Officer Standards and Training and have proof of such certification.
 H) The provisions of this Section shall not prohibit active justices or judges of the supreme court, courts of appeal, district courts, parish courts, juvenile courts, family courts, city courts, and traffic courts, constables and justices of the peace from possessing and concealing a handgun on their person when the justice or judge, constable or justice of the peace is certified by the Council on Peace Officer Standards and Training. (Emphasis added.)
Regarding a justice of the peace or constable carrying a concealed weapon, please note Section H of the above cited statute as amended in the 1997 Louisiana Legislative Session. As stated above, justices of the peace and constables may carry concealed weapons only if they are certified by the Council on Peace Officer Standards and Training, also known as "P.O.S.T.". This Council has a list of certified training academies from which a justice of the peace and constable may receive certification to carry a concealed weapon. For a current list of the certified training academies or for questions regarding aspects of P.O.S.T., please contact that office directly at the Louisiana Commission on Law Enforcement at Administration of Criminal Justice, 1885 Wooddale Blvd., Room 708, Baton Rouge, Louisiana, 70806-1511, (504) 925-4418. Attached is a list of P.O.S.T. Certified Training Academies as of December, 1997.
You ask the penalties if a constable carries a concealed weapon without being properly certified by P.O.S.T. Please note Section (G) of R.S. 14:95 as cited above, which states that the provisions of R.S. 14:95, except Paragraph 4 of Subsection A, shall not apply to sheriffs and their deputies, state and city police, constables and town marshals, or persons vested with police power when in the actual discharge of official duties . . ." Note that while Section (G) further provides exceptions for certain law enforcement personnel while not actually discharging official duties, neither justices of the peace nor constables are included in that exception. Thus, a constable is only excepted from the provisions from R.S. 14:95
while in the actual discharge of his official duties. Thus, if a justice of the peace or constable carries a weapon while not P.O.S.T. certified and in violation of R.S. 14:95, the justice of the peace or constable is subject to the penalties provided for in this article as stated in Section (B), (C), (D), (E) and (F) as cited above.
Finally, you ask if a justice of the peace or constable can carry a handgun if that handgun is not concealed. There is no Louisiana law which in general prohibits carrying a handgun if that handgun is not concealed. However, please note that the definition of "concealed" may be construed narrowly by many of the courts. Further, there may be certain restrictions as to places where a person in general may not be allowed to carry a handgun such as a school or educational facility.
Please note that given the 1997 amendments to R.S. 14:95, which specifically authorizes a justice of the peace to carry a concealed weapon if P.O.S.T. certified, Attorney General Opinion No. 96-410 is recalled.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us at your convenience.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW:bb Att.
DATE RECEIVED: DATE RELEASED:
J. RICHARD WILLIAMS ASST. ATTY. GENERAL